# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**CREDIT ACCEPTANCE CORPORATION**                                   **PLAINTIFF**

V.                                                                  CAUSE NO. 1:17cv40-GHD-DAS

**ROBIE VANSTEENBURGH**
**a/k/a ROBBIE VANSTEENBURGH**                                      **DEFENDANT**

## COMPLAINT

COMES NOW Credit Acceptance Corporation ("Credit Acceptance") by and through its attorneys and files this its Complaint against Defendant Robie Vansteenburgh a/k/a Robbie Vansteenburgh, and in support thereof would show unto the Court the following, to-wit:

1. Credit Acceptance is a Michigan corporation with its principal place of business in Michigan. Credit Acceptance is qualified to do business in Mississippi.

2. Robie Vansteenburgh a/k/a Robbie Vansteenburgh ("Defendant") is an adult resident citizen of Itawamba County, Mississippi.

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, based upon the underlying claims. *See Cartwright v. State Farm Mutual Automobile Ins. Co.*, 2014 WL 6959045, at *4 (N.D. Miss. Dec. 8, 2014) ("federal courts in Mississippi have consistently held

that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction."); *Taylor v. Ocwen Loan Servicing, LLC,* 2014 WL 280399, at *2 (N.D. Miss. Jan. 24, 2014) (same). This Court also has jurisdiction over this action as the underlying transactions arose through interstate commerce. This Court is further authorized to hear this matter pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), which allows a party seeking arbitration to file suit in federal district court.

4. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Northern District of Mississippi, Aberdeen Division, because a substantial part of the events giving rise to this action occurred in the Northern District of Mississippi, Aberdeen Division and/or Defendant resides in the Aberdeen Division.

5. In conjunction with his purchase and financing of a used 2004 GMC Sonoma (Vehicle Identification No. 1GTDT13X44K103603) (the "Vehicle"), Defendant electronically executed a Retail Installment Contract with Jerry Willis Motors LLC ("Jerry Willis Motors") on July 28, 2015. A true and correct copy of the Retail Installment Contract is attached hereto and incorporated herein as Exhibit "A." Defendant authorized his electronic signature on the Retail Installment Contract. A true and correct copy of that authorization is attached hereto and incorporated herein as Exhibit "B."

6. The Retail Installment Contract contained an Arbitration Agreement that provided, in part:

> A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories. . . .
>
> If a Dispute arises, the complaining party shall give the other party a written Dispute Notice and a reasonable opportunity, not less than 30 days, to resolve the Dispute. Any Dispute Notice to You will be sent in writing to the address on this Contract (or any updated address You subsequently provide to Us). Any Dispute Notice to Us must be sent by mail to: Credit Acceptance, Attn: Corporate Legal, 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339 (or any updated address We subsequently provide to You). Any Dispute Notice You send must give Your Account Number, telephone number and address. Any Dispute Notice must explain the nature of the Dispute and the relief that is demanded. The complaining party must reasonably cooperate in providing any information about the Dispute that the other party reasonably requests.
>
> Either You or we may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction....

*See* Exhibit "A" at 5.

7. Without ever providing the required "Dispute Notice," Defendant filed suit against Credit Acceptance, Jerry Willis Motors LLC, and Jerry Willis on

3

February 6, 2017, in the Circuit Court of Itawamba County, Civil Action No. CV17-038PI (the "Lawsuit"). A true and correct copy of his Complaint is attached hereto and incorporated herein as Exhibit "C." Defendant alleged that he purchased the Vehicle from Jerry Willis Motors on July 28, 2015, and that the "lien holder is indicated as Credit Acceptance, and Mr. Willis arranged from them [sic] to finance the purchase of said automobile." Thereafter Defendant contends that the Vehicle was repossessed in an "unlawful and wrong" manner. In his Complaint, Defendant demanded an unlimited and unspecified amount in both actual and punitive damages, and attorney's fees.

8. Defendant is bound by the Arbitration Agreement in the Retail Installment Contract.

9. The Arbitration Agreement is fully applicable to the claims asserted by Defendant in the Lawsuit. Because Credit Acceptance has elected to resolve the Lawsuit through arbitration, Defendant must arbitrate the claims he has asserted in the Lawsuit. Credit Acceptance agrees to participate in arbitration in accordance with the terms of the Arbitration Agreement.

10. The Arbitration Agreement is expressly applicable to "Disputes," like those Defendant asserted in the Lawsuit. Credit Acceptance hereby seeks to enforce the terms of the Arbitration Agreement and requests an order compelling arbitration and staying the Lawsuit. Credit Acceptance is also prepared to arbitrate

any claims it may have against the Defendant relating to the underlying transaction in accordance with the terms of the Arbitration Agreement.

11. The Arbitration Agreement is governed by the FAA. As noted in the Arbitration Agreement, the Retail Installment Contract "evidences a transaction in interstate commerce." *See* 9 U.S.C. § 2. Pursuant to the FAA, the Arbitration Agreement is valid and must be enforced.

12. All issues raised in the Lawsuit relate directly to the use, purchase, condition and/or financing of the subject automobile. The allegations and claims asserted in the Lawsuit are encompassed within the scope of the Arbitration Agreement.

13. By filing this action, Credit Acceptance hereby asserts its demand for arbitration in accordance with the provisions called for under the Arbitration Agreement.

14. As a result of Credit Acceptance's election to arbitrate, Defendant is barred from pursuing the Lawsuit and can now only pursue his claims against Credit Acceptance through arbitration.

15. Pursuant to 9 U.S.C. § 4, Credit Acceptance requests that this Court issue an Order: (a) directing Defendant to proceed with arbitration if he seeks to pursue the Lawsuit against Credit Acceptance; (b) staying and enjoining Defendant from proceeding in the Lawsuit pending arbitration; and/or (c) directing Defendant

to withdraw the Lawsuit and take no further action outside of arbitration with regard to disputes arising under the Arbitration Agreement.

WHEREFORE, PREMISES CONSIDERED, Credit Acceptance prays for judgment as follows:

1. Compelling Defendant:

   (a) To bring all claims he intends to assert through arbitration as required pursuant to the terms of the Arbitration Agreement;

   (b) Withdraw the Lawsuit; and

   (c) To take no further action outside of arbitration with regard to any claims or controversies covered by the Arbitration Agreement.

2. Alternatively, staying the Lawsuit pending arbitration.

3. Staying this proceeding pending the completion of arbitration.

4. Granting such other and further relief as the Court may find just and equitable.

DATED: March 13, 2017.

Respectfully submitted,

**CREDIT ACCEPTANCE CORPORATION**

By: s/ Mark H. Tyson
     OF COUNSEL

Mark H. Tyson (MSB No. 9893)
Stephen T. Masley (MSB No. 101870)
McGLINCHEY STAFFORD, PLLC
City Centre South, Suite 1100
200 South Lamar Street (Zip–39201)
Post Office Drawer 22949
Jackson, Mississippi 39225-2949
Telephone: (769) 524-2300
Facsimile: (769) 524-2333
mtyson@mcglinchey.com
smasley@mcglinchey.com

300744.1